DAVID G. TORRES-SIEGRIST State Bar No. 220187

**TORRES┆SIEGRIST**

225 S. Lake Avenue
Suite 300
Pasadena, CA 91101
Phone:      (626) 432-5460
Facsimile:  (626) 446-8927
*dgts@icloud.com*

**Attorneys for Plaintiff/Counterdefendant, ROANN CELIS-CAPISTRANO, an individual**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

| | |
|---|---|
| **ROANN CELIS-CAPISTRANO, an individual** | **Case No.: 2:23-cv-06283-PA-AS** |
| **Plaintiff,** | |
| **vs.** | **PLAINTIFF/COUNTERDEFENDANT ROANN CELIS-CAPISTRANO'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS; DEMAND FOR JURY TRIAL** |
| **ELAINE ANGELICA LINGA, an individual and also doing business as INVESTED LIFESTYLE and SIMPLYDRIVENLIFE and Does 1-50** | |
| **Defendants.** | |
| **ELAINE ANGELICA LINGA, individually,** | |
| **Counterclaimant,** | |
| **vs.** | |
| **ROANN CELIS-CAPISTRANO, individually,** | **HONORABLE PERCY ANDERSON, U.S. DISTRICT COURT JUDGE** |
| **Counterdefendant** | |

1

**PLAINTIFF/COUNTERDEFENDANT, ROANN CELIS-CAPISTRANO'S ANSWER**

**AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiff/Counterdefendant, ROANN CELIS-CAPISTRANO'S (hereinafter "Counterdefendant") by and through her counsel, hereby Answers the Defendant/Counterclaimant's (hereinafter "Counterclaimaint") Counterclaims and asserts Affirmative Defenses as follows:

**COUNTERDEFENDANT'S ANSWER TO COUNTERCLAIMANT'S COUNTERCLAIMS**

Counterdefendant generally denies all allegations except those specifically admitted.

**INTRODUCTION**

44. Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 44 of the Counterclaims, and on that basis denies the averments.

45. Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 45 of the Counterclaims, and on that basis denies the averments.

47. Denied.

48. Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 48 of the Counterclaims, and on that basis denies the averments.

49. Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 49 of the Counterclaims, and on that basis denies the averments.

THE LAW OFFICES OF
**TORRES † SIEGRIST**

50. Counterdefendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 50 of the Counterclaims, and on that basis denies the averments.

51. Counterdefendant denies that she is IMG's representative. Moreover, Counterdefendant denies that she improperly filed a copyright infringement lawsuit in this Court. Counterdefendant denies that any previous case was "summarily dismissed" as opposed to voluntarily dismissed prior to countercomplainant making a first appearance.

## PARTIES, JURISDICTION, VENUE

52. Counterdefendant Admits.

53. Counterdefendant Admits that she is now a resident of the Philippines. The balance of Paragraph 53 contains conclusions of law as to which no response is required.

54. Paragraph 54 of the Counterclaims contain conclusions of law as to which no response is required.

## FIRST COUNTERCLAIM DECLARATORY JUDGMENT FOR NON-INFRINGEMENT

55. Counterdefendant incorporates by reference paragraphs 1 to 54 above and the answers previously provided within paragraphs 1 to 54 as though fully setforth herein.

56. Denied, except to the extent Paragraph 56 of the Counterclaims contain conclusions of law as to which no response is required.

57. Counterdefendant admits.

58. Counterdefendant admits that a previous case was filed, but prior to counterclaimant being served or entering an appearance, the prior case was voluntarily dismissed by Counterdefendant.

59. Counterdefendant admits that Youtube was furnished a copy of the instant

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

THE LAW OFFICES OF
**TORRES ⸸ SIEGRIST**

lawsuit and the Counterclaimant's infringing work was removed. The balance of this paragraph is denied, except to the extent Paragraph 59 of the Counterclaims contain conclusions of law as to which no response is required.

60. Counterdefendant admits that she brought a previous copyright infringement claim against counterclaimant, but the case was voluntarily dismissed without prejudice prior to Counterclaimant being served or an appearance made by or on behalf of countercomplainant.   The balance of this paragraph is denied, except to the extent Paragraph 60 of the Counterclaims contain conclusions of law as to which no response is required.

## SECOND COUNTERCLAIM MISREPRESENTATION
## UNDER 17 U.S.C. 512(f)

61. Counterdefendant incorporates by reference paragraphs 1 to 60 above and the answers previously provided within paragraphs 1 to 60 as though fully setforth herein.

62. Denied, except to the extent Paragraph 62 of the Counterclaims contain conclusions of law as to which no response is required.

63. Denied, except to the extent Paragraph 63 of the Counterclaims contain conclusions of law as to which no response is required.

64. Denied, except to the extent Paragraph 64 of the Counterclaims contain conclusions of law as to which no response is required.

65. Denied, except to the extent Paragraph 65 of the Counterclaims contain conclusions of law as to which no response is required.

## OBJECTIONS TO COUNTERCLAIMANT'S PRAYER FOR RELIEF

A.  Counterdefendant denies that Counterclaimant is entitled to a declaration that Counterclaimant did not infringe on Counterdefendant's alleged Copyright(s) and respectfully asks that this Court deny this prayer;

4

B.  Counterdefendant denies that Counterclaimant is entitled to a declaration that Counterclaimant's use of Counterdefendant's video was a Fair Use under Lenz v. Universal Music Corp., 801 F.3d 1126 (9th Cir. 2015), and respectfully asks that this Court deny this prayer;

C.  Counterdefendant denies that she and her counsel knowingly materially mispresented that Counterclaimant's video was infringing in violation of 17 U.S.C. 512(f) and respectfully asks that this Court deny this prayer;

D.  Counterdefendant denies that she and her counsel unreasonably and vexatiously multiplied the proceedings in violation of 28 U.S.C.§ 1927 and respectfully asks that this Court deny this prayer;

E.  Counterdefendant denies that Counterclaimant is entitled to recover her damages, costs, and attorneys fees and respectfully asks that this Court deny this prayer;

F.  Counterdefendant denies that Counterclaimant has a right to pre-judgment and post-judgment interest and respectfully asks that this Court deny this prayer.

### **AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(STATUTES OF LIMITATION)

66. As a separate and affirmative defense to each cause of action pleaded in the Counterclaims, answering Counterdefendant alleges that the Counterclaims, and each claim, is barred in whole or in part by the applicable statutes of limitation.

///

///

///

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

THE LAW OFFICES OF

**TORRES ǂ SIEGRIST**

SECOND AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM)

67. As a separate and affirmative defense to each claim pleaded in the Counterclaims, answering Counterdefendant alleges that the Counterclaims, and each Claim, fails to allege facts sufficient to state a cause of action.

THIRD AFFIRMATIVE DEFENSE

(LACK OF CULPABLE INTENT)

68. As a separate and affirmative defense to each claim pleaded in the Counterclaims, answering Counterdefendant alleges that the Counterclaims, and each claim, is barred because of answering Counterdefendant's lack of culpable intent.

FOURTH AFFIRMATIVE DEFENSE

(UNCLEAN HANDS)

69. As a separate and affirmative defense to each claim pleaded in the Counterclaims, answering Counterdefendant alleges that the Counterclaims, and each claim, is barred in whole or in part by the doctrine of unclean hands.

///
///
///

ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

FIFTH AFFIRMATIVE DEFENSE

(ESTOPPEL AND WAIVER)

70. As a separate and affirmative defense to each claim pleaded in the Counterclaims, answering Counterdefendant alleges that the Counterclaims, and each claim, is barred in whole or in part by the doctrine of estoppel and/or waiver.

SIXTH AFFIRMATIVE DEFENSE

(SAFE HARBOR UNDER 17 U.S.C. SECTION 512)

71. As a separate and affirmative defense to each claim pleaded in the Counterclaims, answering Counterdefendant alleges that the Counterclaims, and each claim, is barred in whole or in part by the safe harbors of 17 U.S.C. section 512.

SEVENTH AFFIRMATIVE DEFENSE

(LACHES)

72. As a separate and affirmative defense to each cause of action pleaded in the Counterclaims, answering Defendant alleges that Plaintiffs' claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE

(OFF-SET OF DAMAGES)

73. As a separate and affirmative defense to each claim pleaded in the Counterclaims, answering Counterdefendant alleges that any amount sought

7

to be recovered is barred in whole or in part due to an off-set of damages by virtue of the conduct of Counterclaimant and others responsible for Counterclaimant's alleged damages, if any, which is not admitted but alleged simply for purposes of this affirmative defense.

NINTH AFFIRMATIVE DEFENSE
(GOOD FAITH SUBJECTIVE BELIEF)

74. Counterdefendant had a good faith subjective belief that the offending activity of Counterclaimant was not a fair use.

TENTH AFFIRMATIVE DEFENSE
(FAILURE TO MITIGATE DAMAGES)

75. In the event it is determined that Counterclaimant suffered any damages, which is not admitted but simply alleged for purposes of this affirmative defense, then Counterclaimant failed to mitigate her damages.

ELEVENTH AFFIRMATIVE DEFENSE
(ABSENCE OF DAMAGES)

76. In the event it is determined that Counterclaimant is successful on any of her counterclaims, which is not admitted but simply alleged for purposes of this affirmative defense, then Counterclaimant suffered no quantifiable damages.

///
///
///

ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

TWELFTH AFFIRMATIVE DEFENSE

(LACK OF KNOWLEDGE)

77. In the event it is determined that Counterdefendant made any misrepresentations giving rise to liability under 17 U.S.C. 512(f) , which is not admitted but simply alleged for purposes of this affirmative defense, then any misrepresentation was not made knowingly and/or intentionally but rather was a product of mistake and/or misidentification.

THIRTEENTH AFFIRMATIVE DEFENSE

(ADDITIONAL DEFENSES)

78. As a separate and affirmative defense to each claim pleaded in the Counterclaims, answering Counterdefendant has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, affirmative defenses available. Answering Counterdefendant reserves herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

///
///
///

9

**WHEREFORE, answering Counterdefendant prays as follows:**

79. That Counterclaimant take nothing by her Counterclaims as to the answering Counterdefendant;

80. That the Counterclaims be dismissed with prejudice as to the answering Counterdefendant;

81. That answering Counterdefendant be awarded her costs and attorney's fees to the extent allowed by law; and

82. For such other and further relief as the Court may deem just and proper.

**TORRES | SIEGRIST**

**Date: September 25, 2023**

By: _____

**DAVID G. TORRES-SIEGRIST**
**Attorneys for**
**Plaintiff/Counterdefendant**

///

///

///

**ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

## **DEMAND FOR JURY TRIAL ON COUNTERCLAIMS**

Additionally, Plaintiff/Counterdefendant respectfully demands a jury trial of the present case pursuant to the U.S. Constitution, the California Constitution and applicable California State and Federal Law.

**Date: September 25, 2023**

**TORRES ┼ SIEGRIST**

By: _____
        **DAVID G. TORRES-SIEGRIST**
        **Attorneys for**
        **Plaintiff/Counterdefendant**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

**Date: September 25, 2023**

**TORRES⊹SIEGRIST**

By: _____

**DAVID G. TORRES-SIEGRIST**
**Attorneys for**
**Plaintiff/Counterdefendant**

THE LAW OFFICES OF
**TORRES⊹SIEGRIST**

12

ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS