DAVID G. TORRES-SIEGRIST State Bar No. 220187
TORRES ⊢ SIEGRIST
225 S. Lake Avenue
Suite 300
Pasadena, CA 91101
Phone:     (626) 432-5460
Facsimile: (626) 446-8927
*dgts@icloud.com*
**Attorneys for Plaintiff/Counterdefendant ROANN CELIS-CAPISTRANO**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT
## WESTERN DIVISION

| | |
|---|---|
| ROANN CELIS-CAPISTRANO,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE ANGELICA LINGA, et al.,<br><br>Defendant.<br>_____<br>ELAINE ANGELICA LINGA,<br><br>individually,<br><br>Counterclaimant,<br>v.<br><br>ROANN CELIS-CAPISTRANO,<br><br>individually,<br><br>Counterdefendant | **Case No.: CV 23-6283 PA (ASx)**<br><br>**PLAINTIFF/COUNTERDEFENDANT ROANN CELIS-CAPISTRANO'S AND HER COUNSEL'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: WHY PLAINTIFF/COUNTERDEFENDANT AND HER COUNSEL SHOULD NOT BE SANCTIONED UP TO $2,000.00 FOR FAILING TO FILE A NOTICE OF RELATED CASE AS REQUIRED BY LOCAL RULE 83-1.3 AND FOR FAILING TO IDENTIFY THIS ACTION AS IDENTICAL OR RELATED TO CASE NO. CV 23-843 (PD) ON THE CIVIL COVER SHEET.**<br><br>Due: November 6, 2023<br>Hon. Percy Anderson<br>U.S. District Court Judge |

1

**Plaintiff'/Counterdefendant and her Counsel's Response to OSC Re: Why Monetary Sanctions of up to $2,000.00 should not be imposed for failing to file a Notice of Related Case as required by Local Rule 83-1.3 and for failing to identify this action as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.**

1  COMES NOW Plaintiff/Counterdefendant ROANN CELIS-CAPISTRANO
2  and hereby submits Plaintiff/Counterdefendant's and her Counsel's Response to this
3  Court's Order to Show Cause Re: Why Plaintiff/Counterdefendant and her counsel
4  should not be sanctioned up to $2,000.00 for failing to file a Notice of Related Case
5  as required by Local Rule 83-1.3 and for failing to identify this action as identical or
6  related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.

7  Filed simultaneously with this response is the Declaration of
8  Plaintiff/Counterdefendant's Counsel David G. Torres-Siegrist, attesting to the facts
9  in support of the Ordered Response.

10  In summary, Plaintiff/Counterdefendant and her counsel respectfully request
11  that this order to show cause be discharged as the instant case is not related to the
12  case filed on September 20, 2023, by JAY MARK CALUMPAD BALABIS in U.S.
13  District Court Case No. 2:23-cv-07850-JLS-E.

14  Respectfully, the only substantive commonality between the two (2) cases is
15  as follows:
16    1) ELAINE ANGELICA LINGA is a defendant in both cases,
17    2) Counsel for plaintiff is the same,
18    3) Both cases contain a Copyright Infringement Claim and a state supplemental
19       claim for unfair competition.
20

21  However, it is respectfully submitted that the aforementioned is insufficient
22  pursuant to prongs (a)-(c) of Local Rule 83-1.3.1 to trigger the requirement that a
23  Notice of Related Civil Cases be filed or that this action be identified as identical or
24  related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.
25
26  ///
27  ///
28

2
**Plaintiff'/Counterdefendant and her Counsel's Response to OSC Re: Why Monetary Sanctions of up to $2,000.00 should not be imposed for failing to file a Notice of Related Case as required by Local Rule 83-1.3 and for failing to identify this action as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.**

L.R. 83-1.3.1 entitled Notice of Related Civil Cases provides:

> "It shall be the **_responsibility of the parties_** to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District:
> (a) arise from the same or a closely related transaction, happening, or event;
> (b) call for determination of the same or substantially related or similar questions of law and fact; or
> (c) for other reasons would entail substantial duplication of labor if heard by different judges.
> **That cases may involve the same patent, trademark, or copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c).**" [Emphasis Added].

L.R. 83-1.3.1 imposes the responsibility for filing a Notice of Related Cases on the "parties." Respectfully if an obligation to File a Notice of Related Cases were to be triggered, the obligation per L.R. 83-1.3.1 would apply equally to Defendant LINGA. However, just like Plaintiff/Counterdefendant CAPISTRANO, Defendant/Countercomplainant LINGA did not file a notice of related cases even though she is equally responsible for doing so under the local rules.

Furthermore, Local Rule 83-1.3.1 goes so far as to even provide: "**That cases may involve the same patent, trademark, or copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c).**" So for argument sake, even if these two (2) cases involved the same copyright, that in of itself would not be sufficient to trigger the obligation of the parties to file a notice of related cases.

### A. THE LEGAL CLAIMS AT ISSUE IN THIS CASE ARE NOT THE SAME OR EVEN RELATED TO THE LEGAL CLAIMS TO BE DETERMINED IN THE BALABIS's CASE.

In the instant case, there are two (2) causes of action:

1. VIOLATIONS OF FEDERAL COPYRIGHT LAW
2. UNFAIR COMPETITION CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. AND COMMON LAW.

Plaintiff/Counterdefendant CAPISTRANO maintains that her copyright was infringed upon by Defendant/Countercomplainant LINGA.

However, In the BALABIS lawsuit there are five (5) claims asserted:

3. VIOLATIONS OF FEDERAL COPYRIGHT LAW
4. UNFAIR COMPETITION CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. AND COMMON LAW
5. DEFAMATION
6. FALSE LIGHT
7. DECLARATORY RELIEF

Respectfully, the latter case, BALABIS, contains state supplemental claims that go beyond copyright infringement and seek damages in the context of defamatory torts for an entirely different type of business.

Therefore, pursuant to subsection (b) of Local Rule 83-1.3.1 both cases do not call for determination of the same or substantially related or similar questions of law and fact as BALABIS pursues state supplemental claims involving defamatory torts.

///

///

4

Plaintiff'/Counterdefendant and her Counsel's Response to OSC Re: Why Monetary Sanctions of up to $2,000.00 should not be imposed for failing to file a Notice of Related Case as required by Local Rule 83-1.3 and for failing to identify this action as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.

**B. THE FACTUAL SUBJECT MATTER OF THIS CASE ARE UNRELATED TO THE FACTUAL SUBJECT MATTER IN THE BALABIS CASE.**

Pursuant to subsection (a) of Local Rule 83-1.3.1, these two (2) cases do not "arise from the same or a closely related transaction, happening, or event."

It is true that Defendant LINGA utilized YOUTUBE in both cases. However, that is insufficient to trigger filing a notice of related cases.

As an initial aside, both cases have completely different plaintiffs that are unrelated to one another.

In the instant case the infringed upon work involves **Kaiser Insurance.**

The subject being infringed upon and triggering state supplemental claims for Defamation, False Light and Declaratory Relief in the BALABIS case are financial investments in an **entirely different company IMG.** Furthermore, the context in the BALABIS case is in an entirely different financial sector: marketing.

Given the aforementioned, these two (2) cases do not "arise from the same or a closely related transaction, happening, or event."

**C. THERE ARE NO SUBSTANTIVE REASONS PRESENTED BY BOTH CASES THAT WOULD ENTAIL SUBSTANTIAL DUPLICATION OF LABOR IF HEARD BY DIFFERENT JUDGES**.

Respectfully, from a legal perspective, both cases contain different claims with the BALABIS case including legal theories of defamation in addition to copyright infringement and unfair business practices.

The subject matters at issue are different as this case involves Kaiser Insurance and the BALABIS case involves a marketing company by the name of IMG.

5

Plaintiff'/Counterdefendant and her Counsel's Response to OSC Re: Why Monetary Sanctions of up to $2,000.00 should not be imposed for failing to file a Notice of Related Case as required by Local Rule 83-1.3 and for failing to identify this action as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.

Most importantly, the two cases are brought by two (2) distinct and different plaintiffs who are unrelated to one another.

### D. CONCLUSION

Plaintiff/Counterdefendant and her Counsel sincerely appreciate the Court affording them the opportunity to explain why a Notice of Related Cases was not filed and why they did not identify this action as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet. Should the Court require further information, Plaintiff/Counterdefendant and her Counsel stand ready and willing to answer any further questions the Court may have. In the interim, based on the foregoing, Plaintiff/Counterdefendant and her Counsel respectfully request that the instant Order to Show Cause be discharged.

Date: November 5, 2023

TORRES † SIEGRIST

By: _____
DAVID G. TORRES-SIEGRIST
Attorneys for Plaintiff

6

Plaintiff'/Counterdefendant and her Counsel's Response to OSC Re: Why Monetary Sanctions of up to $2,000.00 should not be imposed for failing to file a Notice of Related Case as required by Local Rule 83-1.3 and for failing to identify this action as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

Date: November 5, 2023          By: _____
                                       DAVID G. TORRES-SIEGRIST
                                       Attorneys for
                                       Plaintiff/Counterdefendant