DAVID G. TORRES-SIEGRIST State Bar No. 220187
TORRES | SIEGRIST
225 S. Lake Avenue
Suite 300
Pasadena, CA 91101
Phone:     (626) 432-5460
Facsimile: (626) 446-8927
*dgts@icloud.com*
**Attorneys for Plaintiff/Counterdefendant ROANN CELIS-CAPISTRANO**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT
## WESTERN DIVISION

| | |
|---|---|
| ROANN CELIS-CAPISTRANO,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE ANGELICA LINGA, et al.,<br><br>Defendant.<br><br>_____<br><br>ELAINE ANGELICA LINGA,<br><br>individually,<br>Counterclaimant,<br>v.<br><br>ROANN CELIS-CAPISTRANO,<br><br>individually,<br>Counterdefendant | Case No.: CV 23-6283 PA (ASx)<br><br>**DECLARATION OF DAVID G. TORRES-SIEGRIST, ESQ. COUNSEL FOR PLAINTIFF/COUNTERDEFENDANT ROANN CELIS-CAPISTRANO IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE: WHY PLAINTIFF/COUNTERDEFENDANT AND HER COUNSEL SHOULD NOT BE SANCTIONED UP TO $2,000.00 FOR FAILING TO FILE A NOTICE OF RELATED CASE AS REQUIRED BY LOCAL RULE 83-1.3 AND FOR FAILING TO IDENTIFY THIS ACTION AS IDENTICAL OR RELATED TO CASE NO. CV 23-843 (PD) ON THE CIVIL COVER SHEET.**<br><br>Due: November 6, 2023<br>Hon. Percy Anderson<br>U.S. District Court Judge |

1

# DECLARATION OF DAVID G. TORRES-SIEGRIST, ESQ.

I, DAVID G. TORRES-SIEGRIST, ESQ. hereby declare:

1. I am an attorney at law licensed to practice before all the Courts of the State of California, and the U.S. District Court, Central District of California.

2. I am the attorney of record for Plaintiff/Counterdefendant ROANN CELIS-CAPISTRANO in the above-entitled matter. I have personal knowledge of the facts surrounding the present action and all facts herein stated. If called upon to testify, I could and would competently do so under oath as to the truth of the matters stated herein.

3. On behalf of my client and myself, I respectfully request that this order to show cause be discharged as the instant case is not related to the case filed on September 20, 2023, by JAY MARK CALUMPAD BALABIS in U.S. District Court Case No. 2:23-cv-07850-JLS-E.

4. Respectfully, the only substantive commonality between the two (2) cases is as follows:
    a. ELAINE ANGELICA LINGA is a defendant in both cases,
    b. Counsel for plaintiff is the same,
    c. Both cases contain a Copyright Infringement Claim and a state supplemental claim for unfair competition.

5. However, it is respectfully submitted that the aforementioned is insufficient pursuant to prongs (a)-(c) of Local Rule 83-1.3.1 to trigger the requirement that a Notice of Related Civil Cases be filed or that this action be identified as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.

///

///

6. L.R. 83-1.3.1 imposes the responsibility for filing a Notice of Related Cases on the "parties."

7. Respectfully if an obligation to File a Notice of Related Cases were to be triggered, the obligation per L.R. 83-1.3.1 would apply equally to Defendant LINGA.

8. However, just like Plaintiff/Counterdefendant CAPISTRANO, Defendant/Countercomplainant LINGA did not file a notice of related cases even though she is equally responsible for doing so under the local rules.

9. Furthermore, Local Rule 83-1.3.1 goes so far as to even provide: "**That cases may involve the same patent, trademark, or copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c).**"

10. So for argument sake, even if these two (2) cases involved the same copyright, that in of itself would not be sufficient to trigger the obligation of the parties to file a notice of related cases.

11. **THE LEGAL CLAIMS AT ISSUE IN THIS CASE ARE NOT THE SAME OR EVEN RELATED TO THE LEGAL CLAIMS TO BE DETERMINED IN THE BALABIS's CASE.**

12. In the instant case, there are two (2) causes of action:
    a. VIOLATIONS OF FEDERAL COPYRIGHT LAW
    b. UNFAIR COMPETITION CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. AND COMMON LAW.

13. Plaintiff/Counterdefendant CAPISTRANO maintains that her copyright was infringed upon by Defendant/Countercomplainant LINGA.

14. However, In the BALABIS lawsuit there are five (5) claims asserted:
    a. VIOLATIONS OF FEDERAL COPYRIGHT LAW
    b. UNFAIR COMPETITION CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. AND COMMON LAW

  c. DEFAMATION

  d. FALSE LIGHT

  e. DECLARATORY RELIEF

15. Respectfully, the latter case, BALABIS, contains state supplemental claims that go beyond copyright infringement and seek damages in the context of defamatory torts for an entirely different type of business.

16. Therefore, it is respectfully submitted that pursuant to subsection (b) of Local Rule 83-1.3.1 both cases do not call for determination of the same or substantially related or similar questions of law and fact as BALABIS pursues state supplemental claims involving defamatory torts.

17. **THE FACTUAL SUBJECT MATTER OF THIS CASE ARE UNRELATED TO THE FACTUAL SUBJECT MATTER IN THE BALABIS CASE.**

18. Pursuant to subsection (a) of Local Rule 83-1.3.1, these two (2) cases do not "arise from the same or a closely related transaction, happening, or event."

19. It is true that Defendant LINGA utilized YOUTUBE in both cases.

20. However, that is insufficient to trigger filing a notice of related cases.

21. As an initial aside, both cases have completely different plaintiffs that are unrelated to one another.

22. In the instant case the infringed upon work involves **Kaiser Insurance.**

23. The subject being infringed upon and triggering state supplemental claims for Defamation, False Light and Declaratory Relief in the BALABIS case are financial investments in an **entirely different company IMG.** Furthermore, the context in the BALABIS case is in an entirely different financial sector: marketing.

4

DECLARATION OF DAVID G. TORRE-SIEGRIST, ESQ. COUNSEL FOR PLAINTIFF/COUNTERDEFENDANT ROANN CELIS-CAPISTRANO IN RESPONSE TO COURT'S OSC

24. Given the aforementioned, these two (2) cases do not "arise from the same or a closely related transaction, happening, or event."
25. **THERE ARE NO SUBSTANTIVE REASONS PRESENTED BY BOTH CASES THAT WOULD ENTAIL SUBSTANTIAL DUPLICATION OF LABOR IF HEARD BY DIFFERENT JUDGES**.
26. Respectfully, from a legal perspective, both cases contain different claims with the BALABIS case including legal theories of defamation in addition to copyright infringement and unfair business practices.
27. The subject matters at issue are different as this case involves Kaiser Insurance and the BALABIS case involves a marketing company by the name of IMG.
28. Most importantly, the two cases are brought by two (2) distinct and different plaintiffs who are unrelated to one another.
29. On behalf of my client, and the undersigned, we sincerely appreciate the Court affording us the opportunity to explain why a Notice of Related Cases was not filed and why they did not identify this action as identical or related to Case No. CV 23-843 (PD) on the Civil Cover Sheet.
30. Should the Court require further information, Plaintiff/Counterdefendant and her Counsel, the undersigned, stand ready and willing to answer any further questions the Court may have.
31. In the interim, based on the foregoing, my client and I would respectfully request that the instant Order to Show Cause be discharged.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of November 2023, at Pasadena, California.

_____
**DAVID G. TORRES-SIEGRIST, ESQ.**

DECLARATION OF DAVID G. TORRE-SIEGRIST, ESQ. COUNSEL FOR
PLAINTIFF/COUNTERDEFENDANT ROANN CELIS-CAPISTRANO IN RESPONSE TO COURT'S OSC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

TORRES † SIEGRIST

Date: November 5, 2023        By: _____
                                   DAVID G. TORRES-SIEGRIST
                                   Attorneys for
                                   Plaintiff/Counterdefendant

DECLARATION OF DAVID G. TORRE-SIEGRIST, ESQ. COUNSEL FOR PLAINTIFF/COUNTERDEFENDANT ROANN CELIS-CAPISTRANO IN RESPONSE TO COURT'S OSC